<u>**NOT FOR PUBLICATION**</u>                                    **CLOSED**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

LUIS HERNANDEZ,                              :
                                             :
            Plaintiff,                       :         Civil Action No.  06-4745 (SRC)
                                             :
            ·v                               :              **OPINION**
                                             :
FEDERAL EXPRESS, a business;                 :
JOHN DOE, a fictitiously named               :
individual; and ABC CO., a fictitiously      :
named business,                              :
                                             :
            Defendants.                      :

<u>**CHESLER, U.S.D.J.**</u>

This matter comes before the Court on the unopposed motion for summary judgment by Defendant Federal Express Corporation ("FedEx"), pursuant to FED. R. CIV. P. 56 (docket #17). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and the motion has been decided without oral argument pursuant to FED. R. CIV. P. 78.  For the reasons set forth below, Defendant's motion for summary judgment is **granted** and Plaintiff's Complaint is **dismissed**.

## <u>FACTUAL BACKGROUND</u>

Plaintiff Luis Hernandez ("Hernandez") initiated this action in New Jersey Superior Court, Law Division, Essex County, alleging employment discrimination based upon race in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et seq.

Specifically, Plaintiff's Complaint asserts that he was employed as a route driver by Defendant FedEx in Middlesex County, New Jersey "for a long period" prior to February 2005.  In or about February 2005, Plaintiff interviewed with Defendant for the position of senior aviation mechanic technician.  (Complaint, First Count, at ¶ 2.)  According to the Complaint, Defendant refused to hire Plaintiff for this position on five separate occasions, despite Plaintiff filing a grievance.  (Complaint, First Count, at ¶¶ 4-5.)  Plaintiff claims that Defendant discriminated against him based upon race.  (Complaint, First Count, at ¶ 6.)

Plaintiff's claims against defendants "John Doe" and "ABC Co." seek judgment against any additional "persons who had respective ownership, and/or control of any of the instrumentalies [sic] which caused the injuries suffered by the Plaintiff. . . ."  (Complaint, Second Count, at ¶ 2.)  No fictitiously-named defendant has been identified or served in this matter.

During his deposition, Plaintiff was asked what evidence he has to support his claim of racial discrimination.  Plaintiff testified that he feels he has "been targeted" because he meets the minimum qualifications for the senior aviation technician position, he has applied for it a number of times, and he is a loyal FedEx employee with a good record but he has not been selected for the position and now Defendant no longer interviews him or sends him rejection letters.  (Plaintiff's Depo. at 165:1-19.)  Plaintiff does not have any information about the qualifications, experience, or race of the candidates who were hired to fill the aviation technician positions for which he applied.  (Plaintiff's Depo. at 60:5-8, 15-19; 116:10-16; 141:2-8; 152:17-20; 153:15-18.)  Plaintiff does not have any evidence suggesting that the successful candidates were chosen either because of their races or because of Plaintiff's race.  (Plaintiff's Depo. at 138:22-25; 142:4-7; 144:19 - 145:7; 154:2-6; 158:8-12.)

2

Defendant presented uncontroverted evidence that candidates for leadership and technical positions, such as the aircraft mechanic positions for which Plaintiff applied, are selected based upon a standardized selection process, which often includes candidate interviews. (Declaration of Jose Clemente at ¶ 5; Defendant's Policy Manual, Policy 4-5 at 23-201.)  Defendant also presented uncontroverted evidence that not all candidates who meet the minimum eligibility requirements are automatically interviewed for every open position; the invitation to interview is based upon each candidate's resume, experience, qualifications, the number of positions available, and other relevant factors.  (Clemente Declaration at ¶ 7.)

Defendant's hiring managers determined that Plaintiff lacked the job knowledge, experience, and skills necessary to satisfactorily perform as an aviation mechanic technician in FedEx's Newark and JFK stations. (Clemente Declaration at ¶¶ 12-15, 22, Ex. C; Declaration of Christopher Hart at ¶¶  4-6, Ex. A; Declaration of Ronald Neville at ¶¶  4-5, 10-11; Declaration of William Szymialowicz at ¶¶ 6-7, Ex. A.)  They found that Plaintiff would need substantial training and ongoing supervision in order to be successful in the busy, limited-supervision environments for which he applied. (Clemente Declaration at ¶¶ 15-16; Hart Declaration at ¶¶ 8-9; Neville Declaration at ¶¶ 7, 12.)  The documents and declaration testimony provided in conjunction with its motion for summary judgment support Defendant's representation that the successful candidates had interview scores superior to Plaintiff's and scored better in the areas of aircraft maintenance job knowledge, technical ability, and experience. (Clemente Declaration at ¶¶ 17, 23, Ex. D; Hart Declaration at ¶¶ 11, Ex. B; Neville Declaration at ¶¶ 8, 13, 21; Szymialowicz at ¶¶ 8-9, Ex. B.)  Plaintiff has not come forth with any evidence to contradict Defendant's evidence on these issues.  Moreover, Plaintiff admitted in his deposition that none of

Defendant's hiring managers ever said or did anything leading him to believe that their decisions were based upon race.  (Plaintiff's Depo. at 78:13-79:1; 138:22-25; 142:4-7; 144:19-145:7; 158:8-12.)

Defendant filed its motion for summary judgment on November 9, 2007 (docket # 17). Plaintiff did not file any opposition to the motion for summary judgment.


**LEGAL STANDARD**

**I.      Summary Judgment**

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Orson, Inc. V. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists.  *Jersey Cent. Power & Light Co. v. Lacey Township*, 772 F.2d 1103, 1109 (3d Cir. 1985).

The party opposing the summary judgment motion cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995).  "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment."  *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial").  "A nonmoving party has

4

created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001).

## II.     Employment Discrimination: Disparate Treatment Claims

The NJLAD, in relevant part, prohibits employers from refusing to employ, discharging from employment, or discriminating against employees "in compensation or in terms, conditions or privileges of employment," due to race.  N.J.S.A. 10:5-12(a).  In determining whether a member of a protected class has been subject to discrimination in violation of the NJLAD, New Jersey state courts look to "the substantive and procedural standards established under federal law."  *Gerety v. Atlantic City Hilton Casino Resort*, 184 N.J. 391, 398 (2005) (quoting *Viscik v. Fowler Equipment Co., Inc.*, 173 N.J. 1, 13 (2002)).  The two theories of discrimination for which an individual may obtain relief under Title VII – disparate treatment and disparate impact – are both cognizable under the NJLAD.  *Id.*

Where, as here, a plaintiff asserts disparate treatment, New Jersey state courts apply the burden-shifting analysis outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Gerety*, 184 N.J. at 398.  Plaintiff must demonstrate that:  he is a member of a protected class; he was qualified for the positions for which he applied; he was not hired for any of those positions; and  that the employer sought to fill, or filled, the position with a similarly qualified candidate. *Gerety*, 184 N.J. at 399.  The evidentiary burden at the prima facie stage is "rather modest: it is to demonstrate to the court that plaintiff's factual scenario is compatible with discriminatory intent-i.e., that discrimination could be a reason for the employer's action."  *Marzano v. Computer Sci. Corp.*, 91 F.3d 497, 508 (3d Cir.1996).

If the plaintiff succeeds in making a prima facie showing, the burden shifts to the employer to set forth some legitimate, non-discriminatory reason for the employment action. *Mogull v. CB Commercial Real Estate Group, Inc.*, 162 N.J. 449, 462 (2000).  The burden then shifts back to the plaintiff to demonstrate that the reason proffered by the employer was not the true reason for the employment action, but was merely pretext for discrimination.  *Andersen v. Exxon Co., U.S.A.,*89 N.J. 446, 492-93 (1982).  "The plaintiff may meet this burden either by persuading the court directly 'that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'"  *Bergen Commercial Bank v. Sisler*, 157 N.J. 188, 211 (1999) (quoting *Texas Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981)) (internal quotations and citations omitted).  Although the burden of production shifts throughout the process, at all phases the plaintiff "retains the burden of proof that the adverse employment action was caused by purposeful or intentional discrimination."  *Id.*

The Court will assume, for purposes of Defendant FedEx's motion for summary judgment, that Plaintiff has alleged a prima facie case of racial discrimination.  The issues to be determined by the Court, then, are whether Defendant has articulated legitimate, non-discriminatory reasons for its actions and if so, whether Plaintiff has successfully demonstrated that the ostensibly non-discriminatory reasons are merely a pretext for discriminatory conduct.

## **DISCUSSION**

Defendant asserts that it rejected Plaintiff's application for the senior aviation mechanic technician positions for a variety of legitimate, non-discriminatory reasons.  As outlined above,

Defendant's hiring managers determined that the candidates who were selected to fill these positions were more qualified than Plaintiff and that Plaintiff lacked sufficient job knowledge, skills, and experience to satisfactorily perform in the busy, limited supervision environments of Defendant's operations without substantial training and ongoing supervision.

The Court finds that Defendant's proffered reasons satisfy its burden to articulate a legitimate, non-discriminatory explanation for its employment action. *Mogull v. CB Commercial Real Estate Group, Inc.*, 162 N.J. 449, 462 (2000).

At the third step of the *McDonnell Douglas* test, the burden shifts back to Plaintiff to show that the reason articulated by the employer is not the true reason, but rather a pretext for discrimination. "[A] plaintiff may then survive summary judgment by submitting evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Stanziale v. Jargowsky*, 200 F.3d 101, 105 (3d Cir. 2000). "This burden now merges with the ultimate burden of persuading the court that [Plaintiff] has been the victim of intentional discrimination. [Plaintiff] may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

Plaintiff Hernandez has not shown that he has been the victim of intentional discrimination, either by the direct or the indirect approaches. Indeed, his failure to oppose Defendant's motion for summary judgment is fatal to his case because neither his Complaint nor his deposition testimony provides any evidence of pretext. Under *Fuentes v. Perskie*, 32 F.3d 759

7

(3d Cir. 2007), Hernandez has the burden of producing evidence that would allow the factfinder to infer that each of the employer's nondiscriminatory reasons was "was either a post hoc fabrication or otherwise did not actually motivate the employment action." *Id.* at 764.  Plaintiff has not carried this burden, as he submitted no evidence whatever relevant to this inquiry.  Defendant's motion for summary judgment will be granted.

<u>**CONCLUSION**</u>

For the reasons stated above, this Court determines that Defendant has demonstrated that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  Summary judgment is granted in Defendant's favor on every claim in the Complaint.

    s/ STANLEY R. CHESLER
STANLEY R. CHESLER, U.S.D.J.

.

Dated: January 16, 2008